IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JANNA VALADEZ | |
| *Plaintiff* | |
| *v.* | CIVIL ACTION NO. 25-354 |
| FEDERAL EXPRESS CORPORATION, FEDEX FREIGHT, INC., FEDEX CORPORATE SERVICES, INC., FEDEX LOGISTICS, INC., & FEDEX OFFICE & PRINT SERVICES, INC. | |
| *Defendants* | |

FEDEX LOGISTICS, INC.'S AND FEDEX OFFICE PRINT & SHIP SERVICES, INC.'S
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:

Defendants FedEx Logistics, Inc., ("FedEx Logistics") and FedEx Office & Print Services, Inc., ("FedEx Office") each respectfully petition for removal under 28 U.S.C. § 1446(a).

## INTRODUCTION

1. Plaintiff is Janna Valadez. Defendants are Federal Express Corporation ("FedEx Express"), FedEx Freight, Inc. ("FedEx Freight"), removing party FedEx Logistics, and removing party FedEx Office. Plaintiff's First Amended Petition nominally would join "FedEx Express" and "FedEx Services" as additional defendants, but "FedEx Express" is merely an assumed or common trade name of defendant Federal Express Corporation and the separate existence of "FedEx Services," or FedEx Corporate Services, Inc., did not survive its June 2024 merger into Federal Express Corporation.

2.  Valadez alleges an October 2023 workplace personal injury while loading a semi-trailer for her employer, FedEx Ground Package System, Inc., which is now Federal Express Corporation.

### PROCEDURAL HISTORY

3.  On August 19, 2024, Valadez commenced Cause No. 2024CI18246 against FedEx Express and FedEx Freight by filing Plaintiff's Original Petition in the 225th Judicial District Court of Bexar County, Texas.

4.  On February 18, 2025, Valadez filed her First Amended Petition, for the first time naming FedEx Services, FedEx Logistics, and FedEx Office as defendants. Valadez' private process server filed returns attesting to service of process on agents for FedEx Logistics and FedEx Office on March 5, 2025. Neither FedEx Logistics nor FedEx Office have entered an appearance in the state court proceeding.

5.  FedEx Logistics and FedEx Office file this Notice of Removal within thirty days after receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

### BASIS FOR REMOVAL

6.  Removal to a United States District Court is proper because complete diversity exists between the properly joined parties and the amount in controversy exceeds the minimum for original subject matter jurisdiction.

7.  Valadez is a Texas citizen. Though not synonymous, evidence of a person's residence is prima facie proof of her domicile, and thus of her citizenship.[1] Valadez pleads she "is an individual

---

[1] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

residing in Bexar County, Texas."[2] Thus, Valadez admits some evidence of her Texas citizenship.

8. No properly joined defendant is a Texas citizen. A corporation shall be deemed a citizen of the states by which it was incorporated and where it has its principal place of business.[3]

  8.1. FedEx Express, a Delaware corporation with its principal place of business in Tennessee, is deemed a citizen of Delaware and Tennessee. FedEx Services also was a Delaware corporation with its principal place of business in Tennessee.

  8.2. FedEx Freight, an Arkansas corporation with its principal place of business in Arkansas, is deemed a citizen of Arkansas.

  8.3. FedEx Logistics, a New York corporation with its principal place of business in Tennessee, is deemed a citizen of New York and Tennessee.

  8.4. FedEx Office, a Texas corporation with its principal place of business in Texas, is deemed a citizen of Texas.

    8.4.1. However, Valadez improperly joined FedEx Office to subvert diversity jurisdiction. Against FedEx Office, Valadez pleads legally insufficient factual bases amounting to nothing more than hypotheses of ordinary negligence, gross negligence, premises liability, and *respondeat superior* vicarious liability. Valadez' allegations against FedEx Office are undifferentiated from her *en masse* allegations against all defendants. Valadez attributes no specific act or omission to FedEx Office; nor could she.

---

[2] Pl.'s 1st Am. Pet. at 1, ¶ 2.1.
[3] 28 U.S.C. § 1332(c)(1).

8.4.2. To prevail against FedEx Office on her negligence causes of action, Valadez must plead and prove: (1) FedEx Office owed Valadez a legal duty; (2) FedEx Office breached that duty; and (3) that breach proximately caused Valadez' injury and damages.[4] Valadez fails to articulate any theory why the material facts of this case should impose upon FedEx Office any legal duty to act or abstain, the observance of which would have averted or avoided Valadez' alleged injury. In fact, FedEx Office was absolutely a stranger to the alleged occurrence, could not have foreseen the alleged occurrence, and could owe Valadez no legal duty. Valadez' pleadings do not even allege otherwise. Failing the threshold prerequisite to tort liability, the existence of a legal duty, Valadez cannot possibly establish negligence against FedEx Office.[5] Even assuming, *arguendo*, that FedEx Office owed Valadez some cognizable duty, there is no factual basis to suggest that FedEx Office did not act as would a reasonable person using reasonable care under the same or similar circumstances, satisfying every applicable legal duty. Valadez has no factual basis to imply that FedEx Office initiated or affected any causal chain of events leading to her injury, or that FedEx Office should have foreseen that its act or omission, negligent or otherwise, could pose any danger to Valadez, a stranger.[6] There is no reasonable basis, on the pleadings or in fact, for this Court to predict that Valadez possibly could establish an ordinary negligence cause of action against FedEx Office under Texas law.

---

[4] *See Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *c.f.* 28 U.S.C. § 1652 (2023) (Rules of Decision Act).

[5] *See Hous. Area Safety Council, Inc. v. Mendez*, 671 S.W.3d 580, 582 (Tex. 2023).

[6] *See Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016).

8.4.3.  To prevail against FedEx Office on a gross negligence cause of action, Valadez must plead and prove both objective and subjective elements:[7] an act or omission attributable to FedEx Office (1) which when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others;[8] and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[9] Because Valadez attributes no specific negligent act or omission to FedEx Office, nothing could be objectively considered as involving extreme risk to persons like Valadez. Nor does Valadez have any factual basis to imply that FedEx Office subjectively perceived a risk in its unspecified act or omission yet proceeded anyway with conscious indifference. There is no reasonable basis, on the pleadings or in fact, for this Court to predict that Valadez possibly could establish a gross negligence cause of action against FedEx Office under Texas law.

8.4.4.  Among the elements essential to a premises liability cause of action against FedEx Office under Texas law, Valadez must plead and prove that FedEx Office was an owner or occupier of premises where FedEx Office knew or should have known there existed an unreasonably dangerous condition.[10] Valadez must also establish her status on the premises as an invitee, licensee, or trespasser relative to FedEx Office at the time of her injury.[11] But FedEx Office was never an owner or occupier of the premises

---

[7] *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 796 (Tex. 2012).
[8] Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11)(A) (2023).
[9] Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11)(B) (2023).
[10] *See Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024).
[11] *See Catholic Diocese of El Paso v. Porter*, 622 S.W.3d 824, 829 (Tex. 2021).

where Valdez alleges injury, the relevant semi-trailer or any other instrumentality that could be construed as premises or as a condition on premises, or any other relevant premises. Valadez' pleadings do not even allege otherwise. As a matter of law, FedEx Office bore no duty to Valadez arising from any premises described in her pleadings.[12] There is no reasonable basis, on the pleadings or in fact, for this Court to predict that Valadez possibly could establish a premises liability cause of action against FedEx Office under Texas law.

8.4.5. To attach vicarious liability to FedEx Office for the tort of another defendant, Valadez must plead and prove. generally: (1) she was injured as the result of a tort; (2) the tortfeasor was an agent of FedEx Office, or someone for whom FedEx Office must answer; and (3) the tort was committed while the agent was acting within the agent's general authority, in furtherance of FedEx Office's business, and for the accomplishment of FedEx Office's objectives. FedEx Office's employees and agents were not present at Valadez' workplace at the time of Valadez' alleged injury. None of the persons who could have touched the relevant semi-trailer within a plausible time before Valadez' alleged injury were FedEx Office's employees or agents. There is no reasonable basis, on the pleadings or in fact, for this Court to predict that Valadez possibly could attach vicarious liability to FedEx Office for any pleaded claim.

8.4.6. Therefore, joinder of FedEx Office is improper. Because FedEx Office was improperly joined, its citizenship should be disregarded for jurisdictional purposes. Disregarding FedEx Office's citizenship, complete diversity exists between the properly joined parties.

---

[12] *C.f. HNMC, Inc. v. Chan*, 683 S.W.3d 373, 380 (Tex. 2024).

9. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[13] Presumably in good faith[14], Valadez' initial and live pleadings demand *ad damnum*: "Pursuant to Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiff has suffered damages of more than $1,000,000."[15]

10. All defendants that have been properly joined and served join in or consent to removal of this case to federal court.

11. Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division embrace Bexar County, Texas, where the state court suit is pending.

## PROCEDURAL COMPLIANCE

12. FedEx Logistics and FedEx Office attach true and correct copies of all pleadings, process, orders, and other filings in the state court proceeding, as required by 28 U.S.C. § 1446(a):

13. FedEx Logistics and FedEx Office will promptly file a copy of this Notice of Removal with the clerk of the 225th Judicial District Court of Bexar County, Texas, where the suit has been pending.

14. FedEx Logistics and FedEx Office will promptly give notice to all parties.

---

[13] *C.f.* 28 U.S.C. § 1446(c)(2).
[14] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938) (recognizing a strong presumption that the plaintiff has not falsely overstated her claim just to confer jurisdiction).
[15] Pl.'s 1st Am. Pet. at 3, ¶ 3.4.

**JURY DEMAND**

15. Valadez has demanded a trial by jury in the state court proceeding.[16] Defendants FedEx Express and FedEx Freight have demanded a trial by jury in the state court proceeding.

**CONCLUSION**

16. FedEx Logistics and FedEx Office request removal of this case from the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. FedEx Logistics and FedEx Office ask this Court to exercise subject matter jurisdiction based on complete diversity between the properly joined parties, after disregarding the citizenship of FedEx Office and any other improperly joined defendant.

17. Therefore, FedEx Logistics and FedEx Office respectfully give notice that the civil action filed as Cause No. 2024CI18246 in the 225th Judicial District Court of Bexar County, Texas, is, as of April 2, 2025, removed to a United States District Court for the Western District of Texas, San Antonio Division for further proceedings.

18. FedEx Logistics and FedEx Office respectfully request general and such other relief as law or equity may allow.

---

[16] Pl.'s 1st Am. Pet. at 12, ¶ 9.1.

Respectfully Submitted,

Ray | Peña | McChristian, PC

9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 TELEPHONE
(210) 341-3557 FACSIMILE

BY:_____

R. Matt Lair
Bar No. 11765410
mlair@raylaw.com

Richard Clay Davis
Bar No. 24092828
cdavis@raylaw.com

*Attorneys for Defendants*:
FedEx Logistics, Inc., &
FedEx Office & Print Services, Inc.

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2025, at 4:00PM, true copies of this Notice of Removal and all attachments were sent by email to nathan@jfdlawfirm.com and lauren@jfdlawfirm.com and by United States Postal Service mail in a sealed envelope with proper first-class postage addressed to the following attorneys in charge for Plaintiff Janna Valadez:

Nathan Z. Robinson, DeSouza Injury Lawyers
4047 Naco Perrin, Suite 100
San Antonio, Texas 78217
nathan@jfdlawfirm.com
(210) 714-4215 TELEPHONE
(210) 341-3557 FACSIMILE

*and*

Lauren M. Horne, DeSouza Injury Lawyers
4047 Naco Perrin, Suite 100
San Antonio, Texas 78217
lauren@jfdlawfirm.com
(210) 714-4215 TELEPHONE
(210) 341-3557 FACSIMILE

R. Matt Lair
Bar No. 11765410
mlair@raylaw.com