UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JANNA VALADEZ,**

   *Plaintiff*,

v.                                                                                      **Case No. 5:25-CV-0354-JKP**

**FEDERAL EXPRESS CORPORATION,**
**et al.,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are five motions: (1) Defendants' Motion for More Definite Statement (ECF No. 5); (2) Plaintiff's Motion to Remand (ECF No. 6); (3) Plaintiff's Motion to Enforce Order Compelling Discovery (ECF No. 7); (4) Plaintiff's Motion to Compel Rule 26(f) Conference (ECF No. 8); and (5) Plaintiff's Motion for Leave to File Reply to Defendants' Response to Plaintiff's Motion to Remand (ECF No. 13). **Because the latter motion is docketed merely as Plaintiff's reply, the Court directs the Clerk of Court to modify the docket entry to reflect that the filing is a motion.** Defendants have filed a response (ECF No. 12) to the motion to remand. Within Plaintiff's latest motion is her reply to that response. *See* ECF No. 13. The parties have otherwise filed no briefing related to these motions and the time for doing so has passed. The motions are ripe for ruling. **The Court grants the motion for leave to file a reply brief and will consider the motion as the reply brief**. Some background is warranted to put the other motions in context.

### I. BACKGROUND

On August 19, 2024, Plaintiff initially sued Federal Express Corporation and FedEx Freight, Inc. for injuries occurring during a workplace accident while she was employed with Federal Express Ground (currently known as FedEx Express per Defendants). *See* Orig. Pet. ¶¶ 2.2, 2.3, and 4.1 (attached to Notice of Removal (ECF No. 1) at 136–49). She asserted six claims—

negligence, premises liability, respondeat superior/vicarious liability, reckless conduct, breach of duty, and gross negligence. *See id*. ¶¶ 5.1 to 5.17.

In November 2024, the two original defendants each filed a Verified Denial and Original Answer (attached to Notice of Removal at 122–25 and 128–32). On February 4, 2025, Plaintiff moved to compel Defendant Federal Express Corporation to fully respond to requested discovery. *See* Mot. Compel (attached to Notice of Removal at 83–108). Due to the lack of response to discovery, including a failure to identify the parties who owned, maintained, and serviced the subject trailer, Plaintiff filed an amended petition naming additional defendants in an abundance of caution. *See* Mot. ¶¶ 5–8.

Through her First Amended Petition (attached to Notice of Removal at 61–74) filed on February 18, 2025, Plaintiff added four defendants—FedEx Express, Fed Ex Services, FedEx Logistics, and FedEx Office. *See* First Am. Pet. at 1. On March 3, 2025, the state court granted the motion to compel Defendant Federal Express Corporation to supplement discovery responses within thirty days to provide "the identities of the parties who owned, maintained, and serviced the subject truck-trailer." *See* Order Granting Plaintiff's Motion to Compel (attached to Notice of Removal at 118–19).

On April 2, 2025, Defendants FedEx Logistics, Inc., ("FedEx Logistics") and FedEx Office & Print Services, Inc., ("FedEx Office") removed the state action to this Court. *See* Notice of Removal. They contend that Plaintiff added FedEx Office—a non-diverse party—"to subvert diversity jurisdiction." *See id*. ¶ 8.4.1. They further contend that Plaintiff's "allegations against FedEx Office are undifferentiated from her *en masse* allegations against all defendants." *Id*. They explain that "FedEx Express" is merely an assumed or common trade name of Defendant Federal Express Corporation, not a separate entity. *Id*. ¶ 1. They further explain that "the separate existence of 'FedEx Services,' or FedEx Corporate Services, Inc., did not survive its June 2024 merger into

2

Federal Express Corporation." *Id.*

A week later, Defendants moved for a more definite statement. Without responding to that motion, Plaintiff thereafter moved to remand this case, to enforce the order compelling discovery, and to compel a conference under Fed. R. Civ. P. 26(f). Defendants have only responded to the motion to remand. The Court has granted Plaintiff leave to file a reply brief.

## II. JURISDICTION

All parties agree that FedEx Office is a nondiverse party that destroys diversity jurisdiction while it remains in the case. For purposes of their jurisdictional inquiries, courts may consider matters outside the original pleadings. And "as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209. Regardless, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "In considering whether a nondiverse party was improperly joined under *Smallwood*, the court is *only* considering jurisdiction." *Int'l Energy*, 818 F.3d at 210.

Given the jurisdictional concerns presented by the alleged improper joinder, the Court first addresses the motion to remand, which falls within its limited authority to determine its own jurisdiction over this removed case.

## III. MOTION TO REMAND

Through the motion to remand, Plaintiff argues that, through "a 12(b)(6)-type analysis,"

she had a proper basis for asserting claims against the non-diverse party. In response, Defendants recognize that approach while also recognizing that the Court may consider matters outside the pleadings to determine whether a party has been improperly joined. In her reply brief, Plaintiff contests the affidavit provided by Defendants. While conceding that she still lacks specific information as to the roles of the various defendants, she stresses that this is due to their failures to respond to discovery.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Defendants removed this case solely on the basis of diversity jurisdiction. No party raises a dispute about the jurisdictional amount required for diversity jurisdiction. Nor do the parties disagree that FedEx Office is a nondiverse party. Defendants argue that the pleadings provide no reasonable factual basis to predict that Plaintiff might prevail against FedEx Office. They also provide affidavit evidence that FedEx Office has no relationship to any aspect of this case to warrant claims against it.

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *accord Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (stating the two ways as "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse"). Defendants' response does not present any basis for finding any actual fraud in the pleading of jurisdictional facts. Resolution of the motion to remand will depend on the second method. But before addressing the second method, the Court will address Defendants' position that Plaintiff has attempted to "subvert federal subject matter jurisdiction by improperly joining a nondiverse stranger at random." *See* Resp. ¶ 1.1.

The removing defendants first raised this subversion theory in the Notice of Removal. *See* Notice of Removal ¶ 8.4.1 (stating that Plaintiff "improperly joined FedEx Office to subvert diversity jurisdiction"). Building on that in their response, Defendants again accuse Plaintiff of attempting to subvert federal jurisdiction. But that does not appear to be the case at all. Plaintiff was pursuing her case in state court and the time for the original defendants to remove the case had passed. *See* 28 U.S.C. § 1446(b). Had she indeed wanted to subvert diversity jurisdiction, she merely had to pursue her case without adding new defendants. She could have waited for the

ordered responses to her discovery before deciding to add more defendants. Instead, she proactively added new defendants in an abundance of caution. Defendants make no attempt to contest that Plaintiff added more defendants at least in part due to withheld discovery as to entities who may be held liable. This does not appear to be the case of subversion of federal jurisdiction. Despite subversion rubric, Defendants do not assert any actual fraud in pleading jurisdictional facts. They instead attempt to establish improper joinder by attacking the sufficiency of Plaintiff's amended pleading and by presenting summary judgment type evidence that Plaintiff is unable to recover on any claim asserted against FedEx Office. Plaintiff contests the presented evidence of Defendants.

To successfully show improper joinder under the second method, a defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant," which means that the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (citations and emphasis omitted); *accord Int'l Energy*, 818 F.3d at 200 (substituting "non-diverse" for "in-state"); *Smallwood*, 385 F.3d at 573 (adopting "this phrasing of the required proof and reject[ing] all others, whether the others appear to describe the same standard or not"). The Fifth Circuit consistently reiterates that a claim of improper joinder fails when there is "a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)); *accord Smallwood*, 385 F.3d at 573 n.9 (agreeing that a "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder").

When considering the issue of improper joinder, the Court's task is not to determine whether the plaintiff will recover on any claim asserted against the alleged improperly joined defendant or whether the plaintiff is even likely to recover; the Court instead must only consider whether there is a reasonable basis to predict that the plaintiff might be able to recover on any

claim asserted against a nondiverse defendant. *See Smallwood*, 385 F.3d at 573; *Mumfrey*, 719 F.3d at 401. At this stage of the litigation, the plaintiff has no need to prove any claim. *See Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *4 (N.D. Tex. June 29, 2011).

While the Court's inquiry is on the joinder rather than the merits of any particular claim, *Smallwood*, 385 F.3d at 573, the federal courts apply one of two alternate federal tests – one premised on Fed. R. Civ. P. 12(b)(6) and the other premised on piercing the pleadings by conducting a summary inquiry, *see Int'l Energy*, 818 F.3d at 207. But courts use both inquiries "to resolve the issue of jurisdiction, not merits." *See id.* at 210. Furthermore, "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *accord Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

The party asserting improper joinder carries a heavy burden of persuasion. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). And when determining "the validity of an improper joinder claim," the courts "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact" and "all ambiguities in the controlling state law in the plaintiff's favor." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Courts "must 'take into account the 'status of discovery' and consider what opportunity the plaintiff had to develop its claims against the non-diverse defendant.'" *Davidson v. Georgia-Pac., LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)). Only after the Court resolves "disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," does it "determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (citation and emphasis deleted). Still, the Court remains mindful that a reasonable possibility of recovery requires more than a "mere hypothetical possibility that

7

such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).[1]

When "determining whether, in the absence of actual fraud, a nondiverse defendant was improperly joined," courts first review "the allegations contained in the complaint" to determine whether the "plaintiff can survive a Rule 12(b)(6) challenge for failure to state claim." *Davidson*, 819 F.3d at 765. If the pleadings are sufficient to overcome such 12(b)(6) analysis, "there is ordinarily no improper joinder." *Id*. Still, in some circumstances, courts may exercise their discretion to "pierce the pleadings and conduct a summary inquiry" when the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*. (citations and internal quotation marks omitted). "In such cases, hopefully few in number, courts may consider additional, summary-judgment type evidence, such as affidavits and deposition testimony, to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." *Whitehead v. Vanderhall Motor Works, Inc.*, No. 5:24-CV-1327-JKP, 2025 WL 1042813, at *3 (W.D. Tex. Apr. 4, 2025) (citations and internal quotations omitted).

"While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court," the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Smallwood*, 385 F.3d at 573–74. "Certainly a court *may* choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Int'l Energy*, 818 F.3d at 207.

Plaintiff's motion invites use of the 12(b)(6)-type analysis. Defendants argue that, even under that analysis, the Court should find that Plaintiff improperly joined FedEx Office as a defendant. Whether the Court utilizes the 12(b)(6)-type analysis or pierces the pleadings by allowing

---

[1] A "mere hypothetical possibility" equates to the theoretical possibility that *Smallwood* expressly recognized as insufficient to preclude a finding of improper joinder.

summary-judgment type evidence, there need only be a single valid claim to avoid a finding of improper joinder.

Defendants are particularly troubled by Plaintiff asserting multiple claims against multiple defendants without specifying which defendant is responsible for the acts or omissions forming the premise for each claim. And this Court has recognized that such "shotgun pleadings" are properly criticized. *See Valadez v. City of San Antonio*, No. SA-21-CV-0002-JKP-RBF, 2022 WL 1608016, at *4–6 (W.D. Tex. May 20, 2022). But as explained in *Valadez*, "the focus is on whether the pleading provides inadequate notice in some respect." *Id*. at *5.

Here, it appears that Plaintiff was uncertain as to which of the numerous entities under the FedEx banner may or may not be liable. This is borne out by Plaintiff's reply and discovery that she sought in state court and which the state court ordered to be produced. Indeed, had such discovery been timely provided, Plaintiff may have concluded that the original defendants were enough. While continuing to recognize that a failure to distinguish between named defendants may "in some instances . . . result in such unclarity that the requisite fair notice is lacking," the Court also understands that "in other instances, the pleading provides fair notice even when lumping defendants together." *Valadez*, 2022 WL 1608016, at *6. This "fair notice" is required by Fed. R. Civ. P. 8(a) and directly relates to whether a claim survives a Rule 12(b)(6) motion under the plausibility standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007). Of course, determining plausibility is a "context-specific task," that courts perform in light of their "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although Defendants challenge the sufficiency of the pleadings with respect to FedEx Office, the Court does not find their argument regarding lumping the defendants together persuasive in the current context. Lumping multiple defendants together does not provide a basis to find that there is no reasonable basis to predict that the plaintiff might be able to recover against FedEx

9

Office. Nor does such pleading deficiency require the Court to disregard allegations. From a pleadings perspective, any uncertainty lies with which of the named entities may be liable. Given federalism concerns, strict construction of the removal statute, and ambiguities viewed in favor of remand, the Court does not view the argument regarding not differentiating between the various defendant entities as sufficient to carry defendants' burden to show improper joinder. In some instances, lumping of defendants together may create an issue regarding fair notice to particular defendants, but that does not equate to no reasonable basis to predict that the plaintiff might be able to recover on an asserted claim against the nondiverse defendant. In other words, just because a pleading lumps defendants together does not mean that there is no reasonable possibility of recovery against the nondiverse defendant.

For purposes of improper joinder, courts may filter the other defendants from the shotgun pleading and view the allegations as being only asserted against the in-state defendant. Viewing the amended complaint in that light, the Court finds enough factual allegations to state a claim against FedEx Office. Not only does the pleading contain factual allegations to satisfy a premises liability claim, *see Villareal v. Towne Park, LLC*, No. SA-22-CV-1008-JKP, 2025 WL 645928, at *3 (W.D. Tex. Feb. 27, 2025) (setting out elements for premises liability claim), but it also has enough allegations to state a run-of-the-mill negligence claim, *see Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021) (setting out elements of negligence claim). The existence of a single claim that avoids summary dismissal under Rule 12(b)(6) requires remand of the entire case.

In this case, all claims against FedEx Office require that such entity has some connection to the accident site or the truck in which the accident occurred or has some responsibility for the maintenance of the truck or premises. As discussed above, the operative pleading has sufficient factual allegations to plausibly state a claim against FedEx Office. But Defendants have provided

10

affidavit evidence that FedEx Office has no such connection or responsibility. *See* Aff. Jones (ECF No. 12-1). The Court certainly has discretion to consider the affidavit evidence. But Plaintiff contests the evidence with her own evidence, thereby raising questions as to whether there are discrete and undisputed facts that actually preclude recovery against FedEx Office, the in-state defendant. This alone is sufficient for the Court to stay within the bounds of the pleading to determine the issue of improper joinder.

This case, moreover, provides additional reasons to only conduct a Rule 12(b)(6)-type analysis. Defendants could have provided specific information to Plaintiff during discovery in the state case perhaps eliminating the addition of FedEx Office as a defendant. This is not the case of a Plaintiff improperly joining an entity to avoid diversity jurisdiction. Instead, Plaintiff added multiple additional defendants when the original defendants failed to provide requested discovery. Such circumstances provide a basis for the Court to decline to exercise its discretion to consider affidavit evidence that could have been timely provided to the Plaintiff in the state discovery process. Even accepting the proffered defense affidavit as true, this is less a case of misstatement or omission of discrete facts and more of a case where a plaintiff added parties after the original defendants failed to provide discrete facts requested through discovery.

For these reasons, the Court has engaged in the Rule 12(b)(6)-type analysis. Through that analysis it has found a sufficient basis in the pleadings to state a claim against FedEx Office. It could have made a brief, cursory review of the allegations before proceeding to conduct a summary inquiry using the submitted affidavit evidence, but it has declined to go beyond the pleadings under the circumstances of this case. Defendants have not carried their heavy burden of persuasion to show that Plaintiff improperly joined FedEx Office. Accordingly, the Court grants the motion to remand. Given that ruling, the Court deems the other motions moot. The respective movants may pursue such motions in state court should refiling be warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 6) and **GRANTS** Plaintiff's Motion for Leave to File Reply to Defendants' Response to Plaintiff's Motion to Remand (ECF No. 13), which the Court has also considered as Plaintiff's reply. The Court **MOOTS** Defendants' Motion for More Definite Statement (ECF No. 5); **MOOTS** Plaintiff's Motion to Enforce Order Compelling Discovery (ECF No. 7); and **MOOTS** Plaintiff's Motion to Compel Rule 26(f) Conference (ECF No. 8). By separate order, the Court will formally remand this case to the 225th Judicial District Court of Bexar County, Texas, Cause No. 2024-CI-18246.

**IT IS SO ORDERED this 2nd day of June 2025.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**